[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10421
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20260-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 13, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Carlos Fernandez appeals his convictions and total sentence of 97

months in prison imposed following his conviction by a jury on one count of

conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and six counts of health care fraud, in violation of 18 U.S.C. § 1347. Fernandez first argues that the district court's admission into evidence at trial of an exhibit containing electronic medicare claims data, and any summaries and extracts of that exhibit, was error because the exhibit was not properly authenticated, it was not admissible under the business records exception to the hearsay rule, and the admission violated the Sixth Amendment. Next, Fernandez argues that the district court erred by allowing a witness to testify about statements she overheard from an unidentified speaker while she was conducting an on-site governmental inspection of Fernandez's business. Fernandez contends that this evidence was inadmissible hearsay and that its admission violated his rights under the Sixth Amendment. Fernandez further argues that even if the court determines that no one evidentiary error requires reversal of his convictions, the cumulative effect of the district court's evidentiary errors deprived him of his right to a fair trial and requires reversal. Finally, Fernandez argues that his sentence, which was at the top of his applicable guideline range, is unreasonable because the district court failed to consider adequately the sentencing factors of 18 U.S.C. § 3553(a).

I.

"We review a district court's evidentiary rulings only for an abuse of

2

discretion." *United States v. Kennard*, 472 F.3d 851, 854 (11th Cir. 2006). We also "review the district court's authentication rulings for abuse of discretion." *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000). In the absence of abuse, we do not disturb the district court's broad discretion in determining the admissibility of business record evidence. *United States v. Garnett*, 122 F.3d 1016, 1018 (11th Cir. 1997). "We review questions of constitutional law *de novo*. *United States v. Underwood*, 446 F.3d 1340, 1345 (11th Cir. 2006). However, in the absence of an objection at trial, we review Confrontation Clause violations for plain error only. *United States v. Brazel*, 102 F.3d 1120, 1141 (11th Cir. 1997).

> To demonstrate plain error, the defendant must show that there is (1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (internal quotation marks omitted).

The Federal Rules of Evidence provide that, in general, evidence is properly authenticated when there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). Authentication under Fed.R.Evid. 901 only requires the presentation of "sufficient

3

evidence to make out a *prima facie* case that the proffered evidence is what it purports to be." *United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir.1985). "A district court has discretion to determine authenticity, and that determination should not be disturbed on appeal absent a showing that there is no competent evidence in the record to support it." *Siddiqui*, 235 F.3d at 1322.

A party lays the proper foundation for the trustworthiness of computer generated business records is laid, and the records are admissible, in the following circumstances: "(1) The records must be kept pursuant to some routine *procedure* designed to assure their accuracy, (2) they must be created for motives that would tend to assure accuracy (preparation for litigation, for example, is not such a motive), and (3) they must not themselves be mere accumulations of hearsay or uninformed opinion." *United States v. Glasser*, 773 F.2d 1553, 1559 (11th Cir. 1985) (quoting *Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980)). *See* Fed.R.Evid. 901(b)(4) (providing that a document can be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances").

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and hearsay is generally not admissible Fed.R.Evid. 801(c), 802.

4

Business records, however, are admissible as an exception to the hearsay rule under Fed.R.Evid. 803(6). Business records include data compilations of a business "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . data compilation . . . ." Fed.R.Evid. 803(6). Rule 803(6) "requires the testimony of a custodian or other qualified witness who can explain the record-keeping procedure utilized. It is not necessary for the person who actually prepared the documents to testify so long as there is other circumstantial evidence and testimony to suggest the trustworthiness of the documents." *Garnett*, 122 F.3d at 1018-19. *See Allen v. Safeco Ins. Co. of Am.*, 782 F.2d 1517, 1519 (11th Cir. 1986) (holding that there was sufficient foundation to admit a business record when the witness did not prepare the report, but the witness's testimony established that "[t]he report and the test results in the report were issued by a state agency in the regular course of its business, and there was no indication that they lacked trustworthiness").

The admission of non-testimonial hearsay evidence does not violate the Sixth Amendment's right to confront witnesses if it bears an "indicia of reliability," which can be inferred if the evidence "falls within a firmly rooted hearsay exception." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 2539, 65 L. Ed. 2d 597 (1980), *abrogated on other grounds by Crawford v. Washington*,

5

541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed.2d 177 (2004).

We conclude from the record that the district court did not abuse its discretion in admitting the electronic compilation of medicare claims data, and the summaries and extracts of this data. The custodian's testimony at trial showed that the data was kept by a routine procedure supervised by a federal governmental agency which designed safeguards for the security and accuracy of the data. The custodian's testimony also showed that the exhibit was a business record generated by government-supervised procedures in the regular course of business, and there was no evidence to question the trustworthiness of the electronic information. Since Fernandez did not contemporaneously object to the introduction of the exhibits on Sixth Amendment grounds, we review this issue for plain error. Because the claims data exhibits were properly admitted as an exception to the hearsay rule, there was no error, much less plain error, under the Sixth Amendment in the admission of the exhibits.

## II.

Under the evidentiary hearsay rules, certain out-of-court statements can be admitted as non-hearsay evidence if they are offered, not for the truth of the assertions therein, but to explain a witness's state of mind and subsequent actions. *See United States v. Jiminez*, 564 F.3d 1280, 1288 (11th Cir. 2009) (recognizing

that "[s]tatements by out of court witnesses to law enforcement officials may be admitted as non-hearsay if they are relevant to explain the course of the officials' subsequent investigative actions, and the probative value of the evidence's non-hearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement" (internal quotation marks omitted)); *United States v. Hawkins*, 905 F.2d 1489, 1495-96 (11th Cir. 1990) (holding that statements were admissible to explain why an investigation was started). "[E]videntiary and other nonconstitutional errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights; where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." *Hawkins,* 905 F.2d at 1493.

The Sixth Amendment only prohibits statements that are impermissible hearsay. *Jimenez*, 564 F.3d at 1286. If statements are testimonial hearsay, the Sixth Amendment requires the declarant to be unavailable and the defendant to have a previous opportunity for cross-examination of the declarant in order for the statements to be admitted. *Underwood*, 446 F.3d at 1346. If statements are non-testimonial, they are admissible if they fall within an established hearsay exception or otherwise bear indicia of reliability. *Roberts*, 448 U.S. at 66, 100 S. Ct. at 2539.

Testimonial statements are generally "statements made under circumstances which would lead the declarant to believe that the statement would be available for use at a later trial." *Underwood,* 446 F.3d at 1347. A Sixth Amendment Confrontation Clause error is not ground for reversal if the error is "harmless beyond a reasonable doubt." *United States v. Hunerlach*, 197 F.3d 1059, 1067 (11th Cir. 1999). As this court noted in *Hunerlach*,

> Factors that determine whether such an error is harmless include: the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Id.* at 1067 n.9.

We need not determine if an evidentiary or a constitutional error occurred in the admission of the out-of-court statements of the unidentified speaker because, even if any such error did occur, we conclude that the error does not dictate reversal. As to any possible evidentiary error, a review of the record reveals that such error was harmless because the statement of the unidentified speaker did not substantially affect the outcome of the trial. Also, any possible constitutional error in admitting the statement was "harmless beyond a reasonable doubt" when considered in the context of the entire trial. The government presented much

8

evidence to support the verdict, including witness testimony, documentary evidence, and recorded evidence, and the statements of the unidentified speaker were not significant in the context of all the other evidence of guilt. Thus, reversal is not warranted on this ground.

## III.

"The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Baker,* 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotation marks omitted).

As stated above, even if there was error, it did not affect Fernandez's substantial rights and did not deny him a fair trial. Thus, there was no cumulative error and Fernandez's argument has no merit.

## IV.

We review sentencing decisions on appeal for reasonableness. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). "[A] sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008) (internal quotation marks omitted). "Once an appellate court has satisfied itself that the district court

followed proper sentencing procedure, the court then evaluates the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (internal quotation marks omitted). The party challenging the sentence has the burden to establish that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We must consider several factors to determine if a sentence is procedurally sound, such as whether the district court considered the § 3553(a) sentencing factors and whether the court adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). When the parties' arguments discuss the § 3553(a) factors, it is sufficient for the court to acknowledge that it considered the factors and the parties' arguments. *Id.* at 1329-30. Further, even if the district court fails to articulate explicitly that it considered the § 3553(a) factors, the sentence is reasonable if the record indicates that the court did, in fact, consider the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

The highly deferential review for substantive reasonableness does not involve the consideration of each decision made during sentencing. *Id.* at 938.

10

Instead, it requires a review of only the final sentence for reasonableness in light of the § 3553(a) factors. *Id.* Section 3553(a) first states that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). The section continues with the following list of factors that a court must consider in imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, protect the public, and provide the defendant with needed correctional treatment; (3) the kinds of available sentences; (4) the sentencing guideline range, including policy statements of the Guidelines in the case of probation or supervised release violations; (5) any other pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need for restitution to victims. 18 U.S.C. § 3353(a); *Talley*, 431 F.3d at 786. The weight given to each factor is "a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). Ordinarily, this court expects a sentence within the guidelines range to be reasonable. *Talley*, 431 F.3d at 788.

A review of the record demonstrates that Fernandez's sentence is

procedurally sound. The record reveals that the court did weigh and consider the § 3553(a) factors. Further, Fernandez's sentence, which is within the guidelines range, is also substantively reasonable.

### *Conclusion*

Based on a review of the record and the parties' briefs, we affirm Fernandez's convictions and total sentence.

**AFFIRMED.**